IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| K. DAVID WILLIAMS, ET AL., § <br> Plaintiffs, § <br> § <br> v. § <br> § <br> TOYOTA MOTOR CORPORATION, ET § <br> AL., § <br> Defendants. § | CIVIL ACTION NO. 2-07CV-442 |

## MEMORANDUM OPINION AND ORDER

Before the Court is defendants Toyota Motor Corporation's, Toyota Motor Sales, U.S.A., Inc.'s and Toyota Motor Engineering & Manufacturing North America, Inc.'s (collectively "Toyota") Motion to Transfer Venue pursuant to 28 U.S.C. § 1404(a) (Docket Entry No. 47). Plaintiffs K. David Williams and Fatima K. Williams ("Williams") oppose this motion. After carefully considering the facts presented, the arguments of both parties and the applicable law, the court DENIES the motion for the reasons expressed below. Also before the Court is defendants' Motion to Request for Ruling and/or Hearing on the Motion to Transfer Venue (Docket Entry No. 121). This motion is DENIED as moot.

**I.     Background**

Plaintiffs K. David Williams and Fatima K. Williams brought this products liability and negligence suit against defendants Toyota, based on an automobile accident which occurred in Lewisville, Denton County, Texas, on February 14, 2007. Denton County is in the Eastern District of Texas. 28 U.S.C. § 124(c)(3). Plaintiff K. David Williams was driving a Toyota 4-

1

Runner vehicle and was stopped at a traffic light when he was struck from behind by a trailer truck, injuring him and rendering him a paraplegic. The trailer truck was owned by Rivera Trucking and driven by Carlos Alberto Castro. It is alleged that Mr. Williams was injured because his Toyota vehicle contained a design defect such that the occupant restraint system failed to restrain Mr. Williams in the front seat area. Plaintiffs allege that design defect rendered the vehicle unreasonably dangerous. Plaintiff also alleges that the defendants Toyota were negligent in creation of a vehicle whose occupant restraint system failed to protect Mr. Williams in a reasonably foreseeable rear impact.

Plaintiffs are residents of Corinth, Denton County, Texas. Defendant Toyota Motor Corporation, Ltd ("TMC") is a foreign corporation, organized under the laws of Japan, with its principal place of business in Aichi, Japan. Defendant Toyota Motor Sales, U.S.A., Inc. is a California corporation. Defendant Toyota Motor Engineering & Manufacturing North America, Inc. is a Kentucky corporation.

## II. Discussion

"For the convenience of parties, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The district court has "broad discretion in deciding whether to order a transfer." *Balawajder v. Scott*, 160 F.3d 1066, 1067 (5th Cir.1998) (quoting *Caldwell v. Palmetto State Sav. Bank*, 811 F.2d 916, 919 (5th Cir.1987)).

The Fifth Circuit has recently enunciated the standard that district courts in this circuit should apply in deciding motions to transfer venue. *In re Volkswagen of America, Inc.*, 545 F.3d

304 (5th Cir. 2008) (en banc). The Court ruled that "§ 1404(a) venue transfers may be granted upon a lesser showing of inconvenience than *forum non conveniens* dismissals," and that "the burden that a moving party must meet to justify a venue transfer is less demanding than that a moving party must meet to warrant a *forum non conveniens* dismissal." *Id*. at 314 (citing *Norwood v. Kirkpatrick*, 349 U.S. 29, 32 (1955)). The Court held that moving party bears the burden of showing "good cause," which the Court explained is satisfied "when the movant demonstrates that the transferee venue is clearly more convenient." *Id*.

The Court noted however that the relevant factors to be considered in ruling on a 1404(a) motion are the same as those in the *forum non conveniens* context. *Id*. at 314, n. 9 (citing *Humble Oil & Ref. Co. v. Bell Marine Serv., Inc.,* 321 F.2d 53, 56 (5th Cir. 1963)). These include both private and public interest factors. *Id.* The private interest factors are: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive. *Id*. (citing *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004)). The public interest factors are: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law." *In re Volkswagen*, 545 F.3d at 315. These factors are not necessarily exhaustive or exclusive, and none can be said to be of dispositive weight. *Id*. (citing *Action Indus., Inc. v. U.S. Fid. & Guar. Corp.*, 358 F.3d 337, 340 (5th Cir. 2004)).

1.  **Plaintiff's Choice of Forum**

In *Volkswagen*, the Fifth Circuit also opined on the weight to be given to the plaintiff's choice of forum. *In re Volkswagen*, 545 F.3d at 315. The Court held that the movant's "good cause" burden reflects the appropriate deference to this factor. *Id*. In this case, Plaintiffs are residents of the Eastern District of Texas and they chose to bring its suit in the Marshall Division of the Eastern District of Texas. When no special, restrictive venue statute applies, the general venue statute, 28 U.S.C. § 1391, controls a plaintiff's choice of venue. *Id*. at 312. Here, the issue is not whether the Court needs to give deference to plaintiffs' choice of the district in which they filed the case. Both parties agree that the Eastern District of Texas is the proper venue for this case. *See* 28 U.S.C. § 1391. Defendants however argue that plaintiffs' choice of the division within this proper district is also not entitled any heightened deference. *See* Defendants' Supplemental Brief, D.E. 137, at 4 (citing *In re Volkswagen*, 545 F.3d at 315). The Court does not read the en banc Fifth Circuit opinion to require this result. *See In re Volkswagen of America*, 545 F.3d at 314, n. 10 (citing *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422 (2007)) (reasoning that "the Supreme Court has indicated that a plaintiff's choice of forum corresponds to the burden that a moving party must meet," and this burden depends on the type of transfer sought).

First, the venue statute 28 U.S.C. § 1391(a) no longer contains a divisional filing requirement. 28 U.S.C. § 1393, which required suit to be brought in a particular division within a district, was repealed November 19, 1988. *See Bishop v. C & P Trucking Co., Inc.*, 840 F. Supp. 118, 119 (N.D. Ala. 1993) ("When 28 U.S.C. § 1393 was repealed effective February 17, 1989 by Public Law 100-702, the concept of divisional venue disappeared."); *see also* DAVID D.

Siegel, Changes to Federal Jurisdiction and Practice Under the New Federal Judicial Improvement and Access to Justice Act, 123 F.R.D. 399, 405-408 (1989) (commenting that the statute had played little role even in states that had districts broken down into divisions)). The Court also notes that the Federal Rules allow significant discretion to district courts in deciding the place of trial, so long as it within the same district, even without the consent of the parties. *See* Fed. R. Civ. P. 77(b) ("[N]o hearing, other than one ex parte, shall be conducted outside the district without the consent of all parties affected thereby."); *Crumrine v. NEG Micon USA, Inc.*, 104 F. Supp. 2d 1123, 1126 (N.D. Iowa 2000) ("Court could be held at any courthouse within the district even without the consent of the parties"). Therefore, as courts in this district have held before, both the venue statute as well as the Federal Rules logically suggest that district courts should view Section 1404(a) motions for intra-district change of venue with more caution.[1] *Rios v. Scott*, No. 1:02-CV-136, 2002 WL 32075775, at *4 (E.D. Tex. July 13, 2002).

**2.    Private Factors**

   a.    <u>Convenience of the Parties and Witnesses and Cost of Attendance for Witnesses</u>

The court will first assess the convenience of the parties involved. The plaintiffs reside in Corinth, Denton County, Texas. Plaintiffs filed suit in the Marshall Division. They represent

---

[1] The Section 1404(a) analysis remains the same regardless of whether the party moves for an inter-district or intra-district transfer. *See Mohamed v. Mazda Corp.*, 90 F. Supp. 2d 757, 768 (E.D. Tex. 2000). The Court does not suggest that any of the factors to be considered in deciding on an intra-district motion are different under Section 1404(a). Instead, the Court here determines its discretion as well the appropriate deference to be given to the plaintiffs' choice as part of movant's "good cause" burden mandated by the Fifth Circuit. *In re Volkswagen of America*, 545 F.3d at 315.

to the Court that they accepted any potential inconvenience when they elected to bring suit in this forum. Therefore, the Court will consider this division more convenient to the plaintiff than the Sherman Division. The defendants have principal places of business in Japan, California and Kentucky. None of the defendants is in close proximity to either this division or the Sherman Division. The Court finds that both this division and the desired transferee division would be just as convenient or inconvenient to the defendants. Presently, there are no third party defendants of record in this case, and therefore, the Court does not consider the convenience of any possible third parties at this time. *See In re Volkswagen,* 371 F.3d at 204-05 (holding that if defendants have joined other responsible third-party defendants and brought third-party claims against them, the Court is "obligated to recognize the changed nature of the lawsuit," and these others "become 'parties' whose convenience should be assessed on [a] motion to transfer"). Accordingly, the convenience of the parties weighs slightly against a transfer. However, the convenience of the parties and their witnesses is accorded less weight in a transfer analysis than the convenience of non-party witnesses. *Shoemake v. Union Pacific R.R. Co.*, 233 F. Supp. 2d 828, 832 (E.D. Tex. 2002).

The Fifth Circuit has established a threshold of 100 miles when giving substantial weight to this factor. *See In re Volkswagen,* 371 F.3d at 204-05. ("When the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be travelled."). The Court reasoned that "[a]dditional distance means additional travel time; additional travel time increases the probability for meal and lodging expenses; and additional

travel time with overnight stays increases the time which these fact witnesses must be away from their regular employment." *Id*.

The parties sharply disagree on who the key non-party witnesses are in this case and if either of the two divisions is more convenient to a majority of these non-party witnesses. Defendants contend that the eyewitnesses to the accident, investigating officers, and emergency medical personnel who responded to the accident are key witnesses on causation and liability. Specifically, defendants list an eyewitness, John Turner, a tow truck driver, Ken Hamilton, the driver who caused the accident, Carlos Alberto Castro, and the owner of the truck and trailer, Jose A. Rivera as potential witnesses. Further, defendants have provided affidavits from two of these witnesses, indicating that it would be inconvenient for them to attend trial in the Marshall Division. *See* Motion, D.E. 47, Ex. A, B (Affidavits of John Turner and Ken Hamilton).[2]

Plaintiffs argue that none of these witnesses is relevant or necessary to the central issue in this case, namely the alleged defect in the occupant restraint system employed in the Toyota vehicle. Plaintiffs contend that the cause of the accident is not in dispute in this case, and that they have settled with the party responsible for the accident, Mr. Castro and his employer Mr. Rivera. Therefore, they argue that testimony from witnesses such as a tow truck driver on how the vehicle was removed from the scene is irrelevant to this case. Plaintiffs contend that the key non-party witnesses in this case are the expert witnesses who will provide expert opinions based upon undisputed physical facts. Plaintiffs note that none of these witnesses reside in the Sherman Division.

---

[2] The Court notes that the Fifth Circuit rejected "the imposition of a blanket rule requiring affidavit evidence." *In re Volkswagen of America*, 545 F.3d at 317, n. 12.

The Court cannot limit the convenience analysis simply to those witnesses who will testify about the accident. *Cf. In re Volkswagen,* 371 F.3d at 204-05 ("There is clearly nothing in § 1404(a) which limits the application of the terms 'parties' and 'witnesses' to those involved in an original complaint."). While the Court does not agree with the plaintiffs that all of the anticipated testimony from the witnesses at the accident scene is unnecessary, the testimony appears to be greatly overlapping. Further, the whereabouts of one of these four witnesses are presently unknown.[3] All of these witnesses will testify about the details of the accident and facts surrounding the condition of Mr. Williams after the accident. While this is an important aspect of the case, it is not the only contested issue at trial. Where the only issue in dispute is the negligence of the parties, this Court has held that investigators, accident-scene witnesses, and emergency responders are key witnesses in the case, and has transferred cases based on the convenience of these key witnesses. *See, e.g., Hobson v. Perez*, No. 2:07-CV-284, D.E. # 16 (E.D. Tex. Oct. 23, 2007) (granting a motion to transfer to the Sherman Division, a negligence case involving parties to a motor vehicle accident that occurred in Grayson County in Sherman Division). This however is a products liability case. The accident that occurred in the Sherman Division may have triggered the events that revealed a possibly defective product, but the main issue concerns the design and manufacture of the seat and the Toyota vehicle. There has been no

---

[3] The court notes that the Defendants have a pending motion for contempt against Carlos Alberto Castro for failing to appear for a deposition after being served by a deposition subpoena by Toyota. Toyota's counsel represents to the Court that all attempts to reach Castro have failed. The Court has entered an order requiring Mr. Castro to show cause why he should not be held in contempt of this court. (D.E. #68). However, a copy of this order mailed to the last known address of Mr. Castro was returned as undeliverable by the United States Postal Service. (D.E. 103).

representation to the Court that witnesses who will testify to this aspect of the case live in the Sherman Division or would inconvenienced by attending at trail in the Marshall Division.

While there is no doubt that witnesses from Sherman Division would be inconvenienced by having to attend trial in Marshall, the Court finds that there are just as many, if not more, possible witnesses who will have to travel to East Texas from outside of this district to testify during trial in this case. Therefore, the convenience of non-party witnesses and the costs of attendance for willing witness are neutral to the transfer of this case. Overall, this factor does not weigh in favor of a transfer of this case to the Sherman Division.

      b.      <u>The Relative Ease of Access to Sources of Proof</u>

Despite the fact that access to some sources of proof presents a lesser inconvenience now than it might have absent recent developments, this alone does not render this factor superfluous and cannot be read out of the § 1404(a) analysis. *In re Volkswagen*, 545 F.3d at 316. Defendants contend that all of the evidence relating to the accident is located in the Sherman Division. *See* Motion, D.E. 47, at p. 10. Plaintiffs argue that an 8-page accident report was the only document located in Sherman Division, and that document has already been produced to the defendants. Similarly, they represent all accident related documents and medical records of Mr. Williams are in possession of counsel for both sides. In contrast, plaintiffs argue, the documents concerning the design and testing of the Toyota 4-Runner vehicle are maintained by Toyota and located outside of Texas. The Court finds that defendants have not shown that there will be any significant inconvenience to them if they had to transport documents or other evidence to Marshall, Texas as compared to the Sherman Division. Indeed, a majority of the documents and other sources of proof are likely located at their headquarters rather than in the Sherman

Division.  Further, as defendants point out, the Toyota vehicle at issue in this case has been moved by plaintiffs to a storage facility in Lancaster, Texas, and is no longer in the Eastern District of Texas.  This and other sources of proof relevant to the product design can just as easily be transported to the Marshall Division as to the Sherman Division.  This factor is neutral as to transfer of this case.

        c.        <u>The Availability of Compulsory Process to Secure the Attendance of Witnesses</u>

Federal Rule of Civil Procedure 45(b)(2) governs the places where a subpoena issued by a court of the United States may be served.  However, a court's subpoena power is subject to Rule 45(c)(3)(A)(ii), which protects nonparty witnesses who work or reside more than 100 miles from the courthouse.  *See In re Volkswagen*, 545 F.3d at 316.

As discussed above, it is likely that there will be several witnesses in this cases that are located outside of Texas.  The defendants have not shown that there is a proper venue that enjoys "absolute subpoena power for both depositions and trial" over all of the witnesses in this case. *Id.*  If this Court cannot compel a witness's attendance at trial, neither party is prevented from using the witness's videotaped deposition at trial.  *Symbol Techs., Inc. v. Metrologic Instruments, Inc.*, 450 F.Supp.2d 676, 679 (E.D. Tex. 2006).  Accordingly, this factor is neutral as to transfer.

**3.     Public Interest Factors**

        a.        <u>The Administrative Difficulties Flowing from Court Congestion</u>

Neither the plaintiffs nor the defendants address this factor in detail.  The court is unaware of any administrative difficulties that would arise from transferring or retaining this case. Therefore, the court finds this factor is neutral as to transfer.

b.  The Local Interest in Having Localized Interests Decided at Home

Transfer is appropriate where none of the operative facts occurred in the division and where the division had no particular local interest in the outcome of the case. *See In re Volkswagen*, 545 F.3d at 318. Plaintiffs argue that because allegedly defective Toyota vehicles are sold and used throughout the Eastern District of Texas, residents of the entire Eastern District of Texas would be interested in determining whether these vehicles are defective and unreasonably dangerous. *See* Response, D.E. 48, p. 13. However, the Fifth Circuit has cautioned against using such a rationale in a products liability suit. *See In re Volkswagen*, 545 F.3d at 318 (finding no local interest based on the local availability of a product subject to a product liability claim, as such rationale could apply to virtually any judicial district in the U.S. and would leave no room for consideration of those actually affected by the controversies and events giving rise to the case). In such a case, courts may look to where the accident occurred, where the witnesses live, where the evidence is located, where the parties live, and where the vehicle was purchased. *Id*. As discussed earlier, the accident occurred in the Sherman Division. The plaintiffs live in the Sherman Division. The police officer and tow truck driver that responded to the accident live in the Sherman Division. Some witnesses live in the Sherman Division, while some live outside of this district. The vehicle was purchased in Richardson, Texas, outside of the Eastern District of Texas. Very little evidence related to accident is now located in the Sherman Division. There is substantial amount of evidence related to the design of the alleged seat and the vehicle that is located with the defendants. The vehicle at issue itself is located outside of this district.

Given these facts, the Court finds that the Sherman Division has more local interest in this case than the Marshall Division. However, in light of the greater deference available to the Court when considering intra-district transfers, the Court concludes that this factor weighs only slightly in favor of a transfer.

    c.    <u>The familiarity of the forum with the law that will govern the case</u>

Both the Sherman Division and this division are familiar with the Texas law that could govern this case. Therefore, the court finds this factor is neutral as to transfer.

    d.    <u>The avoidance of unnecessary problems of conflict of laws</u>

The court finds that this factor is inapplicable in this transfer analysis.

## III. Conclusion

The Court finds, based on the consideration of both private and public interest factors in this case, that this division is just as convenient to the parties and the witnesses as the Sherman Division. The Court rules that because the defendants have failed to show that the transferee venue is clearly more convenient than the venue chosen by the plaintiff, the plaintiff's choice of the Marshall Division should be respected. *In re Volkswagen*, 545 F.3d at 315. Moreover, given the fact that both these divisions are located within the same district, the Court finds that defendants have not shown good cause that would mandate an intra-district transfer. The Court therefore DENIES defendants' motion to transfer venue.

It is so ORDERED.

SIGNED this 9th day of December, 2008.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE