IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| K. DAVID WILLIAMS, ET AL., <br> Plaintiffs, | § § § | |
| v. | § | CIVIL ACTION NO. 2-07CV-442 |
| TOYOTA MOTOR CORPORATION, ET AL., <br> Defendants. | § § § § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is defendants Toyota Motor Corporation's, Toyota Motor Sales, U.S.A., Inc.'s and Toyota Motor Engineering & Manufacturing North America, Inc.'s (collectively "Toyota") Motion to Stay Proceedings pending the Fifth Circuit's decision on Toyota's Petition for Writ of Mandamus (Docket Entry No. 153). Plaintiffs K. David Williams and Fatima K. Williams ("Williams") have not responded to this motion.[1] After carefully considering the facts presented, Toyota's arguments, and the applicable law, the court DENIES the motion for the reasons expressed below.

I.  **Background**

Plaintiffs K. David Williams and Fatima K. Williams brought this products liability and negligence suit against defendants Toyota, based on an automobile accident which occurred in Lewisville, Denton County, Texas, on February 14, 2007. The Court denied Toyota's motion to transfer this case to the Sherman Division of this district on December 09, 2008 (Docket Entry No. 145). Defendants filed a petition for writ of mandamus with the Fifth Circuit on December

15, 2008, asking the Fifth Circuit to order this Court to grant Toyota's motion to transfer venue. The Fifth Circuit has not yet ruled on Toyota's petition for writ of mandamus. This case is set for jury selection on January 5, 2009.

## II.    Discussion

A district court's jurisdiction is not interrupted when a party files a petition for writ of mandamus. *Woodson v. Surgitek, Inc*., 57 F.3d 1406, 1416 (5th Cir. 1995); *see also In re Ellis*, 360 F.3d 1022, 1023 (9th Cir. 2004) ("Indeed, in the context of an extraordinary writ such as mandamus, there is no need for us to relinquish our jurisdiction to the district court because it was never deprived of jurisdiction over the underlying case.").

Toyota argues that a stay is appropriate in this case because it would not cause any damage to the plaintiffs in this case.[2] The Court does not agree. The case is set for jury selection in a few days. Delaying trail for an unspecified duration of time would indeed cause harm to the plaintiffs. On the other hand, the Court does not recognize any hardship that would be caused to Toyota in proceeding to trial. *See Landis v. N. Am. Co*., 299 U.S. 248, 255 (1936) (requiring that a movant demonstrate "a clear case of hardship or inequity . . . if there is even a fair possibility that the stay for which he prays will work damage to some one else.").

Further, Toyota argues that if the Fifth Circuit grants Toyota's petition for writ of mandamus, the district court in Plano or Sherman may conduct different pre-trial procedures than this Court. This argument ignores the fact that both divisions are located in the same district and employ the same local court rules.

---

[1] Plaintiffs' time to respond to Toyota's motion has not yet expired. Local Rule CV-7(e).
[2] Toyota's argument is that plaintiffs will not suffer damages from a stay because they have already settled their claims against the trucking company and driver of the truck that struck

2

Finally, the Fifth Circuit has noted that "[m]andamus petitions request an extraordinary remedy that is only appropriate in exceptional circumstances." *Woodson*, 57 F.3d at 1416. Moreover, because such requests are only granted in exceptional circumstances, the Federal Rules of Civil Procedure do not provide for an automatic stay of district court proceedings while a petition for writ of mandamus is pending. *Id.* Here too, the Court believes that it properly exercised its discretion in ruling on Toyota's venue motion and finds that Toyota is not likely to prevail on the merits of its petition for writ of mandamus. *See Balawajder v. Scott*, 160 F.3d 1066, 1067 (5th Cir.1998) (stating that the district court has "broad discretion in deciding whether to order a transfer.").

The Court finds, based on the consideration of facts in this case and the applicable law that a stay is not appropriate here. The Court therefore DENIES defendants' motion to stay proceedings in this Court pending the Fifth Circuit's decision on Toyota's petition for writ of mandamus.

It is so ORDERED.

SIGNED this 19th day of December, 2008.

_T. John Ward_
T. JOHN WARD
UNITED STATES DISTRICT JUDGE

---

Mr. Williams' vehicle.